**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LATISHA SHRISE CONOVER BEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, *et al*.,<br><br>Defendants. | Civil Action No. 25-01310 (JXN)(MAH)<br><br>**MEMORANDUM OPINION AND ORDER** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Latisha Shrise Conover Bey's ("Bey" or "Plaintiff")

purported Notice of Removal ("NOR") (ECF No. 1), application to proceed *in forma pauperis*

("IFP") (ECF No. 1-2), and Complaint (ECF No. 4); and

**IT APPEARING** that although annexing no relevant document to the Notice of Removal

or the Complaint—Plaintiff is attempting to seek relief from this Court by (1)  removing a

proceeding initiated in the Weehawken Municipal Court ("Municipal Court") arising from motor

vehicle infraction that occurred on April 1, 2024, for which she was issued a summons and "related

tickets" ("State Charges") and (2) potentially bringing claims under 42 U.S.C. § 1983 against the

State of New Jersey, The Port Authority of New York and New Jersey, Police Officers Juan Vera-

Carofilis and Devon Moses, and Sgt. Melvin Cruz (collectively "Defendants") (*see* Motion to Stay

*6; Compl *1, 7-11); and

**IT APPEARING** that under 28 U.S.C. § 1441(a), a defendant "may remove to the

appropriate federal district court 'any civil action brought in a State court of which the district

courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*,

522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). However, § 1441 only applies to "civil

actions," and municipal court matters concerning the issuance of traffic citations are not civil actions. *See Christ v. Vora*, 294 F. App'x 752, 753 (3d Cir. 2008) (*per curiam*). Rather, traffic citations are summary offenses over which this Court lacks jurisdiction. *Id*. (affirming dismissal of "petition for removal" of traffic citations on the basis that the court lacked subject matter jurisdiction); *see also Testa v. Hoban*, No. 16-0055, 2016 WL 4820631 (D.N.J. Sept. 14, 2016) ("a federal district court may not exercise jurisdiction over a municipal court proceeding."); *Lamb v. New Jersey*, No. 12-6782, 2012 WL 5830424, at *2 (D.N.J. Nov. 15, 2012) (remanding case to municipal court because "[t]his Court lacks jurisdiction over a traffic ticket case"); *Jefferson El Bey v. N. Brunswick Mun. Ct.*, No. 08-2825, 2008 WL 2510725, at *1 (D.N.J. June 19, 2008) (concluding that the "district court may not exercise jurisdiction over a municipal court proceeding" such as a traffic citation proceeding); *Janciga v. Vora*, 257 Fed. Appx. 530, 530-31 (3d Cir. 2007) (dismissing appeal from order dismissing "notice of removal" of matter concerning traffic citation); *Janciga v. Vora*, 238 Fed. Appx. 760, 761 (3d Cir. 2007) (dismissing appeal from order dismissing "notice of removal" of proceeding concerning citation for municipal code violation); *Pennsylvania v. Vora*, 204 Fed. Appx. 134, 136 (3d Cir. 2006) (dismissing appeal from order dismissing "petition for removal" of municipal court matter concerning municipal code violation); *Pa. St. Police v. Vora*, 140 Fed. Appx. 433, 433 (3d Cir. 2005) (dismissing appeal from order dismissing "notice of removal" of traffic court matter, as district court may not exercise jurisdiction over attack of state traffic citation); and

**IT APPEARING** that the Municipal Court proceedings that Plaintiff seeks to remove to this Court appear to be predicated on New Jersey motor vehicle laws, rather than federal law, so neither her purported assertion of a federal constitutional defense nor her allegation that her status as a "Moorish American National" provides the Court the authority to review the Municipal Court

proceedings" (NOR *1–2) provide this Court with jurisdiction.[1] *See Reynolds v. Brelin*, No. 25-1403, 2025 WL 1208906, at *3 (E.D. Pa. Apr. 25, 2025) (remanding plaintiff's removed traffic citation cases to the Lancaster County Magisterial District Court because the Court lacked jurisdiction over Plaintiff's claims); *California v. Bey*, No. 20-175, 2020 WL 509096, at *1 (E.D. Cal. Jan. 31, 2020), *report and recommendation adopted*, 2020 WL 794868 (E.D. Cal. Feb. 18, 2020) (remanding removed case to the traffic division of superior court under "well pleaded complaint rule" because the action "is limited to a traffic citation" which "arises solely under state law and does not present a federal question"); *Johnson-El v. Balgobin*, No. 19-11255, 2020 WL 550221, at *2 (S.D.N.Y. Feb. 4, 2020) (concluding that removal of traffic citation proceeding to district court was improper because argument that proceeding violated the plaintiff's constitutional rights did not satisfy the well-pleaded complaint rule); and

**IT FURTHER APPEARING** that to the extent Plaintiff seeks this Court's review over her Municipal Court action, this Court does not have jurisdiction to review state court proceedings. *In re Diet Drugs,* 282 F.3d 220, 240 (3d Cir. 2002) (noting that "[u]nder the *Rooker-Feldman*

---

[1] In her Notice of Removal, Plaintiff argues against the Municipal Court's rejection of her challenge to that court's subject matter jurisdiction based on her status as a Moorish American National, suggesting that in light of that status, her case should be "resolved in federal court, not state courts[.]" (NOR *3.) However, such a "sovereign citizen"-style argument has been repeatedly rejected by courts throughout the Country. *See Jefferson El Bey v. N. Brunswick Mun. Ct.*, No. 08-2825, 2008 WL 2510725, at *2 (D.N.J. June 19, 2008) (remanding plaintiff's municipal action and rejecting jurisdiction based on plaintiff's status as an "Aboriginal Indigenous Moorish American); *Hawkins–El v. County of Wayne,* No. 08–10652, 2008 WL 474095, at *1 (E.D. Mich. Feb.19, 2008) (dismissing complaint where plaintiff asserted jurisdiction as "sovereign Moor of the Washitaw Empire"); *Benton–El v. Odom,* No. 05–242, 2007 WL 1812615, at *6 (M.D. Ga. June 19, 2007) (adopting Magistrate Judge's recommendation that no jurisdiction created by plaintiff claiming to be "Moorish American citizen"), *Halabi v. Fields–El,* No. 06–12203, 2006 WL 2161338, at *1–*2 (E.D. Mich. July 28, 2006) (granting motion to remand landlord-tenant action; rejecting jurisdiction based on defendants' claim of "rights as Sovereign American Moors under the Treaty of 1786"), *King v. Corp. of U.S.,* No. 05–72849, 2005 WL 3320866, at *1, *4 (E.D. Mich. Dec.7, 2005) (granting motion to dismiss complaint seeking halt of prosecution for failure to pay child support; rejecting jurisdiction based on plaintiff's claim of being "Sovereign Indigenous Moor"), *Hedrick v. Coleman,* No. 05–73707, 2005 WL 2671327, at *1–*2 (E.D. Mich. Oct.19, 2005) (dismissing complaint wherein plaintiffs claimed state foreclosure action "violates their rights as Sovereign American Moors," as "[s]uch status is not enough, in itself, to vest the Court with subject matter jurisdiction"), *Great Seal Moorish Sci. Temple v. N.J.,* No. 05–345, 2005 WL 2396311, at *1 (E.D. Pa. Sept.28, 2005) (granting motion to dismiss civil rights claim for impounding of car; rejecting jurisdictional assertion that plaintiffs (1) are of Moorish descent and thus not American citizens, (2) possess special rights, and (3) are not subject to American law))."

doctrine, inferior federal courts lack subject matter jurisdiction to review, directly or indirectly, state court adjudications," and "[r]eview of such adjudications must be pursued in the state appellate system, and, if necessary, by way of review of the state's highest court in the United States Supreme Court") (citing *Rooker v. Fid. Tr. Co.,* 263 U.S. 413,416 (1923)). Therefore, the Court will dismiss Plaintiff's Complaint (ECF No. 1) for lack of subject matter jurisdiction and remand this case to the Weehawken Municipal Court.[2] Accordingly,

IT IS on this 16th day of April 2026,

ORDERED that this matter is REMANDED to the Weehawken Municipal Court; it is further

ORDERED that pursuant to 28 U.S.C. § 1447(c), the Clerk of this Court shall send a copy of this Order to the Clerk of the Weehawken Municipal Court; it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and CLOSE this case.

JULIEN XAVIER NEALS
United States District Judge

---

[2] Given the Court's determination that Plaintiff has not asserted the Court's subject matter jurisdiction over this action, the Court declines to evaluate Plaintiff's IFP Application. *See Brown v. Sage*, 941 F.3d 655,660 (3d Cir. 2019) (noting a district court's discretion to evaluate a plaintiff's application to *proceed in forma pauperis* and screen the complaint "in either order").

4